**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| CHRISTOPHER REID THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>AMPERSAND, INC.,<br><br>Defendant. | Case No. 25-CV-1898-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

This case comes before the Court in an unusual posture. On July 11, 2025, Plaintiff Christopher Reid Thomas ("Reid") filed his complaint for declaratory relief, breach of contract, unfair businesses practices, and violations of California law in the Northern District of California. ECF No. 1. Reid pursues the present action for damages arising from a non-compete agreement he signed as part of an employment contract with Defendant Ampersand, Inc. ("Ampersand"). ECF No. 50 at 6. The Northern District of California then ordered that this case be transferred to this Court on December 1, 2025. ECF No. 29. On February 27, 2026, Ampersand moved to stay proceedings and compel arbitration. ECF No. 47. On April 8, 2026, Reid moved to re-transfer this case back to the Northern District of California. For the reasons discussed below, the Court will deny both motions and direct the parties to proceed with discovery.

## 2. FACTUAL AND PROCEDURAL HISTORY

As the parties largely raise legal questions in their briefing, the Court will only briefly discuss the facts of the case. The Court draws its discussion of the facts from the complaint and the parties' briefing.

Ampersand hired Reid, then a California resident, in August 2023. ECF No. 1 at 12. Reid worked for Ampersand until the relationship between the parties deteriorated. *Id.* at 15–24. Ampersand employed Reid pursuant to a signed employment agreement. *Id.* at 10–12; ECF No. 1-3. The employment agreement contains an arbitration clause, ECF No. 1-3 at 13, and a choice of law provision, *id.* at 11, both of which Reid disputes the validity of. In March 2025, Ampersand issued Reid a performance improvement plan ("PIP"). ECF No. 1 at 22. A week later, Ampersand terminated Reid's employment. *Id.* at 24.

While employed with Ampersand, Reid moved from California to Florida in the fall of 2024. *Id.* at 19. Ampersand was at all relevant times a Wisconsin corporation with its principal place of business in Waukesha, Wisconsin. *Id.* at 3. The clients that Reid and Ampersand worked with appear to be largely California based entities. *Id.* at 2. Ampersand argues that Reid performed his duties in Wisconsin, California, Florida, Minnesota, and Canada during the relevant time period, alleging that he spent about ten days a month in Wisconsin, that he spent one week a month in Minnesota at his son's home, and that about sixty percent of the time he attended video calls he did so from his home in Canada. ECF No. 56 at 5–7.

Following Reid's termination, Ampersand sought to enforce a non-compete clause within the employment contract, prompting the present litigation. ECF No. 50 at 4–5; ECF No. 1-3 at 8–9. Ampersand has since agreed to waive the non-compete, but Reid maintains this case to pursue

damages he suffered between Ampersand's attempt to enforce the clause and its waiver. ECF No. 50 at 6.

Reid filed his initial complaint before the Northern District of California. ECF No. 1. However, after Ampersand moved to dismiss or transfer based on venue, ECF No. 14, the Northern District of California transferred this case to the Court pursuant to 28 U.S.C. § 1404(a) based on convenience. *See generally* ECF No. 29.

In his briefing before the Northern District of California, Reid argued that § 925 of California's Labor Code invalidated the contractual forum selection clause (i.e. the arbitration agreement) and that the statute mandated a California forum. ECF No. 26 at 24, 31. In reply, Ampersand denied the existence of a forum selection clause:

> [Reid's] employment agreement did not contain a choice-of-forum provision. . . . [Reid] misrepresents the terms of his prior employment agreement claiming it included a void choice-of-forum provision. In fact, the agreement merely states it would be governed by Wisconsin law . . . . His claim that the agreement includes an improper choice-of-forum clause . . . is misleading as it misrepresents both the terms of the agreement and the scope of California Labor Code section 925.

ECF No. 27 at 5 (internal citations omitted).

## 3. ANALYSIS

### 3.1 Choice of Law

Before turning to the parties' substantive arguments, the Court must first determine what the appropriate law is to analyze those arguments. Ampersand argues that Wisconsin law applies pursuant to the choice of law provision in the contract, ECF No. 56 at 6–10, while Reid argues that the

choice of law provision is void and California law applies, ECF No. 54 at 15–21.

When a case sitting in diversity is transferred from another federal court, the Court applies the choice of law rules of the transferor court, unless the transfer was made on the basis of a valid forum selection clause. *Trump v. Twitter Inc.*, 602 F. Supp. 3d 1213, 1226 (N.D. Cal. 2022) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 65 (2013) and *In re Facebook Biometric Priv. Litig.*, 185 F. Supp. 3d 1155, 1168 (N.D. Cal. 2016)). In this case, the Northern District of California transferred based on convenience and did not discuss a forum selection clause. *See generally* ECF No. 29. Accordingly, the Court applies California law to its choice of law analysis.

"Under California choice-of-law analysis, the parties' contractual choice of law governs unless it conflicts with a fundamental public policy of California, and California has a greater interest than the chosen state in the determination of the particular issue." *Pitzer Coll. v. Indian Harbor Ins. Co.*, 845 F.3d 993, 996 (9th Cir. 2017) (citing *Nedlloyd Lines B.V. v. Super. Ct.*, 3 Cal. 4th 459 (Cal. 1992).

Here, although the parties contracted to apply Wisconsin law, ECF No. 1-3 at 11, Reid suggests that the Court should invalidate the choice of law provision before conducting the traditional analysis pursuant to California Labor Code § 925. ECF No. 54 at 15–18. Reid alternatively argues that under the traditional choice of law analysis, § 925 and California law applies. ECF No. 54 at 18–20. California Labor Code § 925 provides:

> (a) An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:

> (1) Require the employee to adjudicate outside of California a claim arising in California.
>
> (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

CAL. LAB. CODE § 925 (West). Ampersand, in response, argues that the Court cannot conclusively determine whether § 925 applies. ECF No. 56 at 5–6. Namely, Ampersand contests whether the Reid should be considered an employee who primarily resided and worked in California and argues in support that it has not had the opportunity to take discovery on Reid's claim to that effect. *Id.* As the parties dispute the factual basis for the application of this statute, the Court cannot conclusively determine its legal effect at this stage of the proceedings.

Conflict between Wisconsin and California law is clear. Reid argues that California's Business and Professions Code § 16600.5 establishes a fundamental policy of disallowing noncompete agreements. This policy conflicts with Wisconsin law, which allows for reasonable restraints. ECF No. 54 at 17–21 (citing Wis. Stat. § 103.465 (2025). However, to analyze the state interest portion of the choice-of law analysis, the Court must consider disputed facts, like the place of performance or the location of the contract's subject matter, as Ampersand notes in opposition. *See Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1324 (9th Cir. 2012) (citing *1-800-Got Junk? LLC v. Superior Court*, 116 Cal. Rptr. 3d 923, 932 n.10 (Cal. Ct. App. 2010)); ECF No. 56 at 6–10.

As the choice of law issue is likely to be dispositive, the Court is reluctant to decide it when the parties dispute the facts underlying the analysis. Accordingly, the Court directs the parties to proceed with discovery on this issue.

### 3.2 Judicial Estoppel

In response to Ampersand's motion to arbitrate, Reid argues that Ampersand is judicially estopped from asserting the arbitration agreement because it represented to the Northern District of California that no such agreement existed. ECF No. 50 at 21–26. Ampersand argues that it brought its motion to transfer because this Court is the appropriate venue to compel arbitration and that its positions are not inconsistent. ECF No. 48 at 18–19; ECF No. 52 at 11–14.

Judicial estoppel is an equitable doctrine that prevents a party from asserting a position inconsistent with its previous position. *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). The doctrine protects the integrity of the judicial process by preventing parties from changing positions according to the exigencies of the moment. *Id.* at 749–50 (collecting cases).

In the Seventh and Ninth Circuits, "[f]ederal law governs the application of judicial estoppel in federal courts," even in diversity cases. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012) (citing *Johnson v. Oregon*, 141 F.3d 1361, 1364 (9th Cir. 1998); *Jarrard v. CDI Telecommunications, Inc.*, 408 F.3d 905, 914 (7th Cir. 2005) ("[W]e apply federal (not Indiana) caselaw with respect to judicial estoppel." (citing *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 527 n.1 (7th Cir. 1999))). While the doctrine is more clearly defined under state law,[1] the doctrine is "applied flexibly" and there is "no precise

[1]The elements of judicial estoppel under California law are: (1) the same party has taken inconsistent positions; (2) the positions were taken in a judicial or quasi-judicial proceeding; (3) the party was successful in the first position; (4) the first position was not taken as a result of ignorance, fraud, or mistake. *Victrola 89, LLC v. Jaman Properties 8 LLC*, 260 Cal. Rptr. 3d 1, 16–17 (Cal. Ct. App. 2020). And the elements of judicial estoppel under Wisconsin law are: (1) a party takes a later

or rigid formula [that] guides the application" of the doctrine. *Jarrard*, 408 F.3d at 914 (citation omitted). However, there are a number of factors for the Court to consider: (1) a party must take clearly inconsistent positions; (2) the party must have prevailed on its earlier position; (3) and the party asserting that position would derive an unfair advantage from the inconsistency if not estopped. *New Hampshire*, 532 U.S. at 750–51.[2]

Here the positions that Ampersand has taken are clearly inconsistent. In the Northern District of California, Ampersand represented that the contract contained no forum selection clause: "[Reid's] employment agreement did not contain a choice-of-forum provision." ECF No. 27 at 5. Ampersand suggested that Reid misrepresented the nature of the agreement to the California court: "[Reid] misrepresents the terms of his prior employment agreement claiming it included a void choice-of-forum provision. In fact, the agreement merely states it would be governed by Wisconsin law." *Id.* Whereas before this Court, Ampersand seeks to enforce the employment agreement's arbitration provision, while conceding that "arbitration provisions are a 'species of forum-selection clauses.'" ECF No. 52 at 12 (citing *Auto. Mech. Local 701 Welfare & Pension Funds v. Vanguard Car*

position inconsistent with an earlier position; (2) the facts at issue must be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position. *State v. Leblanc*, 994 N.W.2d 2, ¶ 22 (Wis. Ct. App. 2023) (citing *State v. Ryan*, 809 N.W.2d 37, ¶33 (Wis. 2012)).

[2]Additionally, under Seventh Circuit law the Court may consider whether the operative facts remain the same in both cases, *Jarrad*, 408 F.3d at 915 (citing *Ogden*, 179 F.3d at 527). The operative facts clearly remain the same here as before the California court. And the Ninth Circuit considers "chicanery or knowing misrepresentation by the party to be estopped" as a factor in the judicial estoppel analysis, *Milton H. Green Archives*, 692 F.3d at 995. But neither party briefs this issue, so the Court declines to make a finding on it.

*Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007)). Although Ampersand argues that courts define "forum" as a court or other judicial body, this Court is bound by Supreme Court precedent declaring arbitration agreements a type of forum selection clause, not the Fifth Circuit or Black's Law Dictionary. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) (noting that an arbitration agreement is "a specialized kind of forum-selection clause"); *see also* ECF No. 52 at 12 (citing *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 905 (5th Cir. 2005) (quoting BLACK'S LAW DICTIONARY (8th ed. 2004))). The first element of judicial estoppel is therefore met.

Reid argues that Ampersand succeeded on its position and that the Northern District of California adopted Ampersand's view. ECF No. 50 at 22–23. To undertake the analysis it did, the California court had to have based its transfer order on the absence of a forum selection clause. If Ampersand had forthrightly presented the forum selection clause, Supreme Court precedent would have required the previous court to consider the motion to transfer under the modified venue analysis of *Atlantic Marine*. 571 U.S. at 62. Instead, the court relied on the traditional transfer of venue factors to move the case to this Court based on convenience. ECF No. 29 at 3. Additionally, Ampersand does not dispute the success of its earlier position. Therefore, the second element of judicial estoppel is met.

As to the third factor, Reid argues that Ampersand is attempting to derive an unfair advantage based on its inconsistent misrepresentations because the California court would have found the forum selection clause invalid. ECF No. 50 at 23–25. Ampersand argues that the case must be before this Court to compel arbitration and it properly had the case transferred on that basis. ECF No. 48 at 19; ECF No. 52 at 12. While this

Court declines to adopt Reid's argument, as a prospective ruling from the Northern District of California is too uncertain, the Court does find that Ampersand's conduct suggests the gamesmanship that judicial estoppel exists to prevent.

In considering the third factor, the Court is "guided by a sense of fairness, with the facts of the particular dispute in mind." 18 MOORE'S FEDERAL PRACTICE § 134.31 (3d ed. 2026). Here, the overarching posture of the case suggests that fairness is better served by judicial estoppel. Although federal courts favor arbitration, *Wis. Local Gov't Prop. Ins. Fund v. Lexington Ins. Co.*, 840 F.3d 411, 415 (7th Cir. 2016) (citation omitted), the particular arbitration agreement at issue appears to foreclose Reid's primary argument against enforceability by requiring the arbitrator to apply Wisconsin law. Though Reid's arguments may ultimately fail, fairness is better served when arguments are heard and decided on their merits.

Ampersand states in its opening brief for its motion to compel arbitration, "in order to compel arbitration in Waukesha, Wisconsin, the case must be before this Court. As the Norther [sic] District of California agreed, this District is a proper venue for this matter. This Court should find that Ampersand transferred this matter to the proper Court to compel arbitration." ECF No. 48 at 19. However, Ampersand argued the traditional transfer factors before the California court, particularly the convenience of the parties. ECF No. 14 at 8–10; ECF No. 27 at 5–7. Nowhere in Ampersand's briefing before the California court do the words "arbitrate" or "arbitration" appear. *See* ECF No. 14; ECF No. 27. By only raising its arguments as to arbitration before this Court, Ampersand flew over the court more familiar with Reid's primary argument against arbitration,

namely invalidity under California law. Further, Ampersand's argument strays too close to the sun in that it implies the Northern District of California transferred this case *on the basis of* the arbitration clause, when it never considered such a clause. The wax of Ampersand's wings must therefore melt before the doctrine of judicial estoppel, leaving Ampersand to the sea of federal litigation.

Accordingly, the Court holds that Ampersand is estopped from asserting the arbitration provision of the employment agreement at issue. Because Ampersand is estopped from asserting the arbitration provision, the Court will deny Ampersand's motion to compel arbitration and stay the case.

### 3.3 Re-Transfer

The Court will deny Reid's motion to re-transfer because it cannot make a definite ruling as to the choice of law for this case, and judicial economy would suffer by ping-ponging this case between the two courts.

For transfer under 28 U.S.C. § 1404(a), the moving party must show that (1) venue is proper in this District; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007) (citing *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)); *see also Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (listing (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with applicable law, (6) feasibility of consolidation of other claims, (7) any

local interest in the controversy, and (8) relative court congestion, as factors to consider in transfer analysis).

The Northern District of California already considered each of the factors, and this Court sees no reason to disturb its findings. *See generally* ECF No. 29. Additionally, although Reid argues that the Court may resolve the § 925 issue on the limited factual record before it, the Court declines to do so because of the disputed facts outlined in Section 3.1.

Reid cites to *Harris v. comScore, Inc.*, to suggest that the Court may resolve disputed facts in its favor when considering a motion to transfer venue. 825 F. Supp. 2d 924, 926 (N.D. Ill. 2011) ("To resolve a venue motion, the court must . . . resolve all factual conflicts . . . in the plaintiff's favor."); ECF No. 58 at 5 n.2 (citing *id.*). However, in that case the plaintiff was the non-movant, facing a Rule 12 motion. *Id.* at 925. And other courts suggest that factual disputes in a motion to transfer should be resolved in favor of the non-movant. *Fluence Energy, LLC v. M/V BBC Finland*, 584 F. Supp. 3d 878, 886 (S.D. Cal. 2022) ("When reviewing a [§ 1404(a)] motion to transfer venue . . . a court . . . must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." (citations omitted)). As Ampersand is the non-movant here and has supplied the Court with facts suggesting that Reid was not primarily working and residing in California and therefore within the purview of § 925, the Court declines to transfer this case back to the Northern District of California.

Additionally, ping-ponging a case back and forth between districts is not an efficient use of this Court or the Northern District of California's resources. Courts are in the business of resolving legal disputes, *Deveraux v. City of Chicago*, 14 F.3d 328, 330 (7th Cir. 1994), not bouncing cases to and fro.

Accordingly, the Court will deny Reid's motion to re-transfer this case back to the Northern District of California without prejudice.

## 4. CONCLUSION

The Court holds that Ampersand is estopped from asserting the arbitration agreement and will deny its motion to compel arbitration. The Court will similarly deny Reid's motion to re-transfer this case. As the parties dispute facts regarding the choice of law analysis, the Court directs the parties to proceed with discovery.

Accordingly,

**IT IS ORDERED** that Defendant Ampersand Inc.'s motion to stay proceedings and compel arbitration, ECF No. 47, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Christopher Reid Thomas's motion to transfer this case back to the Northern District of California, ECF No. 53, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge